UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SAYED MASIHULLAH RAZAI,

Plaintiff,

v.

AMERICAN NATIONAL PROPERTY
AND CASUALTY COMPANY, et. al,

Defendants.

No. 2:25-cv-03483-DJC-SCR

ORDER

Plaintiff Sayed Masihullah Razai filed this suit in California state court, and Defendants removed the case to this Court on the basis of diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441.  Plaintiff has moved to remand this action (ECF No. 14), which Defendant opposes (ECF No. 18).  As Plaintiff did not file a reply, this matter is fully briefed and was ordered submitted on the papers (ECF No. 20).

**DISCUSSION**

"A motion to remand is the proper procedure for challenging removal." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing 28 U.S.C. § 1447(c)).  Generally, courts "strictly construe the removal statute against removal jurisdiction." *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1068 (9th Cir. 2021) (citation omitted).  The party asserting federal subject matter jurisdiction bears

the burden of establishing its existence. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

A case may be removed to federal court if that court would have jurisdiction over the matter. *See* 28 U.S.C. § 1441; *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). Subject matter jurisdiction exists in civil cases involving a federal question or diversity of citizenship. 28 U.S.C. §§ 1331, 1332. To support diversity jurisdiction, the amount in controversy in the case must exceed $75,000, 28 U.S.C. § 1332(a), and there must be complete diversity between the parties, meaning that "each plaintiff must be diverse from each defendant," *Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 1004 (9th Cir. 2001) (citation omitted).

The Parties do not dispute that they are diverse. Accordingly, the only issue before the Court is whether the amount in controversy exceeds $75,000. Based on a facial review of the Complaint, the Court concludes it does, and that this Court has subject matter jurisdiction.

Plaintiff seeks damages arising from an accident between Plaintiff and an uninsured motorist, resulting in injuries to Plaintiff. In his Complaint, Plaintiff alleges that "medical bills incurred as to the date of this Action are well in excess of $50,000.00, with the amount expected to further rise in accordance with future medical treatment . . . ." (Compl. (ECF No. 1-1) ¶ 24.) Plaintiff further alleges that his policy with Defendant American National contained uninsured motorist coverage of $100,000 per person and $300,000 per occurrence. (Id. ¶ 29.) Critically, Plaintiff alleges that on three occasions he served Defendant American National with a "UIM/UM Policy Limit Settlement Opportunity." (Id. ¶¶ 30, 34, 41.) Given that the policy limit is $100,000, Plaintiff must value his own claims at above that amount. As Defendants argue, a "settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). In light of Plaintiff's assertion that

medical damages are "well in excess" of $50,000, the fact that he made a demand for the policy limit on three separate occasions, and there is no information as to why these settlement demands were not a reasonable estimate, the Court concludes that the policy limit demands are sufficient to place the amount in controversy above $75,000.  As this amount exceeds the jurisdictional threshold, the Court has diversity jurisdiction over this case.

<strong>CONCLUSION</strong>

For the reasons stated above, it is ORDERED that Plaintiff's Motion to Remand (ECF No. 14) is DENIED.

IT IS SO ORDERED.

Dated:  __**February 23, 2026**__

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC – Razai25cv03483.mtr